UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAYSEPH RYAN BELLOMY-GUNN ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:13-0803 |
| ) | Judge Sharp |
| JERRY LESTER, WARDEN ) | |
| Respondent. ) | |

## **M E M O R A N D U M**

The petitioner, Jayseph Ryan Bellomy-Gunn (Bellomy-Gunn or "petitioner") has filed a *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, which is presently pending before the court. (Docket No. 1). The petitioner is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee.

**I.     INTRODUCTION AND BACKGROUND**

On August 13, 2010, the petitioner pled guilty in Sumner County Criminal Court to a single count in case 1045-2009 and received a sentence of two years. (Docket No. 17, Attach. 2 at p. 2). On that same day, the petitioner pled guilty in Sumner County Criminal Court to five counts in case 259-2010 and received an effective sentence of six years. (Docket No. 17, Attach. 2, at pp. 3-7). The sentence in case 1045-2009 was to be served consecutively to the sentence in 259-2010. (Docket No. 17, Attach. 2 at p. 2). This created an effective sentence of eight years to be served through the Mid-Cumberland Human Resource Agency (MCHRA), a community-based alternative to incarceration. (*Id.*)

On December 2, 2011, while he was serving the community-corrections sentences in cases 1045-2009 and 259-2010, the petitioner committed the robbery that underlies the judgment in the

1

instant case. (Docket No. 17, Attach. 2 at pp. 8-9). On March 8, 2012, the petitioner reached an agreement with the State that resolved the then-pending charge in the robbery case as well as the revocation matter in cases 1045-2009 and 259-2010. (*Id*.) On that same date, the petitioner pled guilty in Sumner County Criminal Court to robbery in case 53-2012 and received a sentence of twelve years imprisonment to be served consecutively to the sentences in cases 1045-2009 and 259-2010. (Docket No. 17, Attach. 1 at p. 9). The trial court entered judgment in case 53-2012 on March 8, 2012. (*Id.*)

On March 12, 2012, in light of the petitioner's plea of guilty to violating the community-corrections release in cases 1045-2009 and 259-2010, the trial court entered an order that directed the petitioner to serve those sentences in prison. (Docket No. 17, Attach. 2 at pp. 8-10). In that order, the trial court erroneously characterized the petitioner's effective sentence in cases 1045-2009 and 259-2010 as being ten years when, in fact and as recorded in the judgments, it was actually an effective eight year term.[1] (*Compare* Docket No. 17, Attach. 2 at pp. 3-7 *with* Docket No. 17, Attach. 2 at p. 8).

On May 12, 2012, the petitioner filed a *pro se* "Motion to Correct-Amend Judgments," in which the petitioner correctly pointed out that his effective sentence in cases 1045-2009 and 259-2010 was eight years, not ten years. (Docket No. 17, Attach. 1 at pp. 11-14). However, in his motion, the petitioner incorrectly listed in the caption case 53-2012 and two other unrelated case numbers. (*Id.* at p. 11). The trial court entered an amended order on June 18, 2012, in cases 1045-2009 and 259-2010 that correctly stated the effective sentence of eight years in those cases. (Docket No. 17, Attach. 1 at p. 16). On June 25, 2012, in an apparent effort to clarify the record in case 53-

---

[1]The error in the trial court's order of March 12, 2012, pertained only to the sentences in cases 1045-2009 and 259-2010 and in no way affected the judgment in case 53-2012.

2

2012, the trial court entered an agreed order stating as follows:

> [T]he error complained of **is not** an error with regard to the judgment relating to the above styled and references cases [], but in fact resulted from an error in the Order entered by the Court on March 14, 2012 in case numbers [1045-2009 and 259-2010]; it further appearing to the Court that the error in said Order has been corrected by a separate Amended Order entered by the Court on June 18, 2012[.]

(Docket No. 17, Attach. 1 at p. 16)(emphasis in original). The trial court found that the petitioner's motion as to case 53-2012 was rendered moot by the amended order in cases 1045-2009 and 259-2010. (*Id.*)

Bellomy-Gunn did not appeal following his guilty plea in case 53-2012 or following the revocation of his community corrections sentences in cases 1045-2009 and 259-2010. (Docket No. 1 at p. 2).

On November 3, 2012,[2] Bellomy-Gunn filed a petition for post-conviction relief. (Docket No. 7, Attach. 4). The petition listed cases 1045-2009 and 259-2010 in the caption and referred to Bellomy-Gunn's guilty plea and twelve- year sentence for his robbery conviction in the main text of the petition. (*Id.*)

On December 6, 2012, the trial court dismissed the petition for post-conviction relief as untimely, construing the petition as challenging the judgments in cases 1045-2009 and 259-2010–the cases listed in the caption of Bellomy-Gunn's petition-- both of which became final from his guilty pleas on August 13, 2010. (*Id.*, Attach. 5). The petitioner did not seek appellate review of the

---

[2]The trial court's order of December 6, 2012, states that the petition was filed on November 14, 2012–the date it was received by the trial court. (Docket No. 7, Attach. 5 at p. 2). Bellomy-Gunn signed the petition on November 3, 2012; thus, under the "prison mailbox rule," the petition was filed on November 3, 2012. However, the eleven-day difference would not affect the trial court's calculations if the trial court counted the one-year from August 13, 2010 – the date that the petitioner's judgments in cases 1045-2009 and 259-2010 became final. *See Tenn. Code Ann*. § 40-30-102(a).

court's dismissal order.

On July 31, 2013, Bellomy-Gunn filed the instant *pro se, in forma pauperis* petition.[3] (Docket No. 1). In his petition, the petitioner asserts one ground for relief – ineffective assistance of counsel. The petitioner names Jerry Lester, the warden of the West Tennessee State Penitentiary, as the respondent.

Upon its receipt, the court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, the court entered an order on September 10, 2013, directing the respondent to answer or otherwise respond to the petition. (Docket No. 3). The respondent filed a motion in response urging the court to deny the petition and dismiss the action. (Docket No. 6). The petitioner filed a response in opposition to the respondent's motion to dismiss. (Docket No. 8).

On February 13, 2014, in an effort to gain a clearer understanding of the record and of the parties' arguments, the court entered an order directing the respondent to file a reply to the petitioner's response to the motion to dismiss. (Docket No. 10). The court directed the respondent to specifically address (1) the effect, if any, of any corrected state court judgment on the timeliness of the petitioner's § 2254 petition filed with this court; and (2) the merit of the petitioner's equitable tolling arguments, which the petitioner advanced in more detail in his response to the respondent's motion to dismiss. (*Id.*)

On March 20, 2014, the respondent filed its response (Docket No. 18) and supporting

---

[3]Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray,* 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans,* 116 Fed. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Here, Bellomy-Gunn signed the instant petition on July 31, 2013, so the petition is considered "filed" on that date rather than on the date the petition actually was received by the Clerk of Court.

4

documentation (Docket No. 17).

Upon consideration of the record, the court concludes that an evidentiary hearing is not needed. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief). Therefore, the court shall dispose of the petition as the law and justice requires. Rule 8(a), Rules — § 2254 Cases.

Jurisdiction and venue in this court are appropriate under 28 U.S.C. § 2241(d) because the petitioner was convicted in the Criminal Court for Sumner County, Tennessee.

## II. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v.*

5

*Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

### A. The petitioner's § 2254 petition was untimely filed.

The trial court entered judgment in case 53-2012 on March 8, 2012. The date on which the petitioner's judgment became final by conclusion of direct review was April 9, 2012,[4] the conclusion of the thirty (30) day period within which the petitioner had to file a direct appeal under Tennessee law.[5] *See* Tenn. R. App. P. 4(a); *see also State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003)(holding that a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence). The instant petition was not signed until July 31, 2013, or **478 days after April 9, 2012.**[6]

The tolling provision of 28 U.S.C. § 2244(d)(2) only applies to "properly filed" applications for state post-conviction relief. "[A]n application if '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000)(emphasis in original). The "applicable laws and rules governing filings" usually prescribe the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. *Id.*

Tennessee law provides that the "petition for post-conviction relief shall be limited to the

---

[4]*See* Fed. R. Civ. P. 6(a)(1)(a) (when the governing time period is stated in days, the court excludes the day of the event that triggers the period; thus, here, March 8, 2012, is excluded).

[5]*See* Fed. R. Civ. P. 6(a)(1)(c)(exception applies that, if the last day of time period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday; thus, here, Sunday, April 8, 2012, was excluded).

[6]The petitioner argues that the cases of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) create a new constitutional right that excuses the petitioner's untimely filing due to his lack of counsel following his guilty plea. (Docket No. 1 at pp. 16-17). However, the *Martinez* and *Trevino* decisions do not recognize a new constitutional right; instead, on equitable grounds, these cases excuse procedural defaults if, during initial review collateral proceedings, a prisoner had no counsel or his counsel was ineffective. *Martinez*, 132 S. Ct. at 1320; *Trevino*, 133 S. Ct. at 1921. Here, the petitioner is not relying on these cases to excuse a procedural default. Rather, he is asking the court to excuse his outside the statute of limitations filing of his § 2254 petition. *Martinez* and *Trevino* do not apply.

assertion of claims for relief from the judgment or judgments entered <u>in a single trial or proceeding</u>." Tenn. Code Ann. § 40-30-104(c)(emphasis added). Further, "[i]f the petitioner desires to obtain relief from judgments entered in separate trials or proceedings, the petitioner must file <u>separate</u> petitions." *Id.* (emphasis added). "[T]he question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." *Artuz,* 531 U.S. at 9 (emphasis in original). The Sixth Circuit has determined that untimely state post-conviction petitions are not "properly filed" and will not toll the one-year statute of limitations. *Wilberger v. Carter*, 35 Fed. Appx. 111, 114 (6th Cir. 2002); *see Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003)(federal courts must accept a state court's finding that post-conviction petition was untimely and untimely state post-conviction petition does not toll limitations period).

The respondent contends that Bellomy-Gunn's state petition for post-conviction relief was not "properly filed" in compliance with Tenn. Code Ann. § 40-30-104(c) as to case 53-2012 because the petitioner did not list case 53-2012 in the caption of his post-conviction petition; while he referred to a robbery conviction on March 8, 2012, in the body of his post-conviction petition, section 104(c) prohibits him from challenging this conviction in the same petition that challenges the other two convictions from two years earlier; as such, the trial court only addressed the post-conviction petition as it related to the cases listed in the caption–cases 1045-2009 and 871-2010; because the post-conviction petition was not filed within one year of the date the judgments became final from Bellomy-Gunn's August 13, 2010, guilty pleas, the petition was untimely filed. (Docket No. 7 at p. 4). Thus, according to the respondent, the AEDPA's one-year limitations period was not tolled by "a properly filed application for State post-conviction or other collateral review." If the

7

respondent's argument is accepted, the petitioner had until April 9, 2013, to file his petition for *habeas corpus* relief. He filed his petition nearly four months later on July 31, 2013.

The court finds that, under governing law, the respondent's contentions are correct. The petition for post-conviction relief filed by the petitioner on November 3, 2012, does not serve to toll the statute of limitations because the petition was not "properly filed" as to case 53-2012. Consequently, the petitioner's improperly filed state post-conviction petition did not toll the one-year statute of limitations applicable to his § 2254 petition. Because the one year statute of limitations expired before Bellomy-Gunn filed the instant § 2254 petition, the petition is untimely.

Even if the court were to find that the post-conviction petition was "properly filed" and activated the tolling provision of 28 U.S.C. § 2244(d)(2), the instant § 2254 petition would still be untimely. Bellomy-Gunn filed the post-conviction petition on November 3, 2012.[7] (Docket No. 7, Attach. 4). The trial court entered an order dismissing the post-conviction petition on December 6, 2012. (*Id.*, Attach. 5). The time for seeking direct review of the trial court's dismissal order expired thirty (30) days later, or January 7, 2013.[8] *See* Tenn. R. App. P. 4(a). Thus, Bellomy-Gunn's post-conviction petition–even if it had been "properly filed"–would have tolled the statute of limitations for sixty-five (65) days. This tolling would have reduced Bellomy-Gunn's filing delay of 478 days to 413 days – still beyond the one-year (365 days) limitations period of 28 U.S.C. § 2244(d)(1).

---

[7]Under the "prison mailbox rule," Bellomy-Gunn's post-conviction petition was filed on November 3, 2012, because he signed the petition on that date. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Richard v. Ray,* 290 F.3d 810, 812 (6th Cir. 2002); *Scott v. Evans,* 116 Fed. App'x 699, 701 (6th Cir. 2004).

[8]In computing this thirty day time period, Tennessee courts do not include the date on which the judgment was entered. *See Tenn. R. App. P. 21(a).* Hence, November 3, 2012, is excluded. Tennessee courts also do not count weekends or legal holidays; because the thirty (30) day period ended on Saturday, January 5, 2013, January 5 and 6 are excluded from the computation. *See Tenn. R. App. P. 21(a); Dunlap v. Dunlap*, 996 S.W. 2d 803 (Tenn. Ct. App. 1998)(ex-wife's notice of appeal as of right was filed timely in post-divorce action, where final judgment was filed within thirty days of entry of final judgment, excluding Saturday on which judgment was entered and Sunday).

### B. Equitable tolling is inappropriate in this case.

Although the petitioner's § 2254 petition is untimely, the law is well-settled that the one-year limitations period expressed in §§ 2244 and 2255 does not operate as a jurisdictional bar to *habeas corpus* petitions; the one-year limitations period may be equitably tolled under exceptional circumstances. Bellomy-Gunn argues that the court should apply equitable tolling and find his instant § 2254 petition timely.

Until recently, the Sixth Circuit used a five-factor inquiry to determine whether a *habeas* petitioner was entitled to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001)(factors included (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim). The Supreme Court's decision in *Holland v. Florida,* 560 U.S. 631 (2010), replaced the five-factor inquiry with a two part test, under which a *habeas* petitioner is entitled to equitable tolling only if the petitioner shows that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing." *Hall v. Warden*, 662 F.3d 745, 749 (6th Cir. 2011)(citing *Holland*, 560 U.S. at 648). A movant has the burden to persuade the court that he or she is entitled to equitable tolling. *McSwain v. Davis*, 287 Fed. Appx. 450, 455–456 (6th Cir. 2008) (collecting cases).

"Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002)(citation omitted.). Equitable tolling should be "applied sparingly" by federal courts, *Dunlap*, 250 F.3d at 1008, and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably

arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).

As grounds for applying equitable tolling, the petitioner states that he was "in segregation or on facility lock-down" from December 10, 2012 to March 15, 2013, "and was not able to get proper legal counsel [sic] at Whiteville Correctional Facility." (Docket No. 8 at p. 2). However, the petitioner does not state how often the institution was on lock-down, or for how long each lock-down period lasted. Neither has he explained how segregation or lock-downs prevented him from preparing and mailing his motion. "[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling." *United States v. Stone*, 68 Fed. App'x 563, 565-66 (6th Cir. 2003); *see also United States v. Williams,* 219 Fed. App'x 778 (10th Cir. 2007)(holding that none of the reasons federal prisoner cited for filing untimely petition for *habeas* relief from drug trafficking conviction, including lock-down status of prison, constituted extraordinary circumstances beyond prisoner's control warranting equitable tolling of limitations period for filing *habeas* petition)*; Hughes v. McCann,* 521 F. Supp. 2d 750 (N.D. Ill. 2007)(holding that isolated periods of lock-down during period for filing state petition for post-conviction relief did not provide "extraordinary circumstances" that prevented state prisoner from filing timely state post-conviction relief petition, as required to equitably toll one-year *habeas* limitations period).

Next, the petitioner alleges that equitable tolling should apply because he "[d]id not have proper legal counsel due to moving to three different prisons in 4 months." (Docket No. 1 at p. 4). Critically, the petitioner does not explain why he could not have filed his § 2254 petition between April 9, 2012, and December 9, 2012, particularly considering that Bellomy-Gunn filed a *pro se* motion to correct/amend his state court judgment on May 12, 2012, and filed a *pro se* petition for

10

post-conviction relief on November 3, 2012. (*See* Docket No. 8 at pp. 1-2). The petitioner has not described any efforts he made to pursue his *federal* rights prior to the expiration of his statute of limitations, such as contacting the clerk of court or filing a notice of intent with the court. And, although Bellomy-Gunn states that he obtained "proper legal counsel" on May 15, 2013, he failed to file his § 2254 petition for another two-and-a-half months.

In summary, the petitioner has not provided the court with facts demonstrating why he could not have completed his § 2254 motion within a year, had he been reasonably diligent. Nor has the petitioner shown "that he has been pursuing his rights diligently" and that an "extraordinary circumstance stood in his way and prevented timely filing." *Lawrence*, 549 U.S. 327, 336. Undoubtedly, the petitioner experienced frustration and confusion as a result of the trial court's erroneous order of March 12, 2012, sentencing him to ten years incarceration instead of eight. Yet, while the petitioner quickly brought that error to the trial court's attention and obtained a satisfactory resolution, the petitioner failed to act with the same vigor in pursuing his rights under federal law. Thus, the court finds that the petitioner has failed to establish grounds that would entitle him to equitable tolling. Bellomy-Gunn's § 2254 petition is untimely and must be dismissed.

### III. Conclusion

For the reasons explained herein, the respondent's motion to dismiss (Docket No. 6) will be granted, Bellomy-Gunn's § 2254 petition will be denied, and this action will be dismissed.

An appropriate order will be entered.

_Kevin H. Sharp_
Kevin H. Sharp
United States District Judge